

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

| | |
|---|---|
| In re: | |
| STEWART O. HENDRICKS, | Case No. 6:04-bk-11120-ABB |
| | Chapter 7 |
| Debtor. | |
| | |
| WILLIAM G. KIENSTRA, | |
| Plaintiff, | |
| vs. | Adv. Pro. No 6:05-ap-00008-ABB |
| STEWART O. HENDRICKS, | |
| Defendant. | |

## MEMORANDUM OPINION

This case came before the Court on the Complaint to Deny Dischargeability of Debt (Doc. 1) by plaintiff William G. Kienstra ("Plaintiff") against Stewart O. Hendricks, the defendant and debtor herein ("Debtor"). This is an action to determine the dischargeability of an unsecured personal loan pursuant to 11 U.S.C. §523(a)(2). A trial was held on June 29, 2005. Appearing at trial were the Plaintiff, *pro se*, the Debtor, and James H. Monroe, Esquire, counsel for the Debtor. After reviewing the pleadings and evidence, and hearing live testimony and arguments of the Plaintiff and counsel for the Debtor, the Court finds that there is no basis to except the debt from the Debtor's discharge, which was granted on January 27, 2005, and judgment will be entered for the Debtor.

## **FINDINGS OF FACT**

On October 13, 2000 the Plaintiff and the Debtor entered into a Loan Agreement through which the Plaintiff made an unsecured loan in the principal amount of $15,000.00 to the Debtor. The Loan Agreement called for repayment of the loan within 90 days or by January 13, 2001, with interest running on the principal at the "rate of 15% or $2,250.00." Loan Agreement at ¶1. The loan proceeds were to be used by the Debtor to purchase real property from the Debtor's grandmother's probate estate and the Debtor was to have repaid the loan from the sale of the Debtor's primary residence.

The Debtor was unable to purchase the real property from the probate estate because the property did not appraise at a high enough value. The Debtor spent the loan proceeds on appraisal fees and business expenses. The Debtor tendered a personal check in the amount of $5,000.00 to the Plaintiff on or about April 5, 2001 as a loan payment and the check was returned for insufficient funds. On September 20, 2001, the Plaintiff and the Debtor then entered into a revised promissory note, the Promissory Note (Installment Repayment), under which the Debtor agreed to pay the amount of $17,250.00 to the Plaintiff in monthly installments. The new promissory note called for interest to accrue at the rate of 15% and became due in full on March 15, 2005.

The Debtor made two payments under the new promissory note to the Plaintiff, which included a cash payment in the amount of $500.00 on October 24, 2001 and a cash payment of $1,000.00 on January 22, 2002. The Debtor then stopped making payments under the new note. On July 14, 2003, the Debtor was found guilty of issuing a worthless check to the Plaintiff and was ordered to pay $5,000 in restitution to the Plaintiff by the Eighteenth Judicial Circuit.

Case 6:05-ap-00008-ABB   Doc 21   Filed 08/04/05   Page 3 of 5

At some point after the loan payments ceased, the Debtor was laid off from his job and his business failed. As a result of the ensuing financial difficulties the Debtor sought bankruptcy protection by filing a Chapter 7 case on October 11, 2004. The Debtor listed in his Schedule F an undisputed unsecured debt in the amount of $16,150.00 owed to the Plaintiff for a "2001 Loan." Schedule F at p. 7.

At the time the loan was made the Debtor appears to have meant to use the loan for the purpose promised and then changed circumstances prevented the Debtor from purchasing the probate property and selling his residence. The Debtor willingly entered into a revised loan agreement after the purchase of the probate property fell through and the Debtor made payments to the Plaintiff shortly after the new loan agreement was signed. The Court finds that the Debtor did not commit any misrepresentation or deceit in connection with the loan at issue.

## CONCLUSIONS OF LAW

On January 10, 2005, the Plaintiff timely instituted this adversary proceeding seeking to have the debt owed to the Plaintiff by the Debtor be deemed nondischargeable pursuant to 11 U.S.C. §523(a)(2)(A). The Court conducted a trial of this case on June 29, 2005 and at the conclusion of the trial took the case under advisement.

At trial, the Plaintiff presented six (6) exhibits, which were accepted into evidence. The exhibits include: (i) a copy of the case captioned Cordeiro v. McDermott (In re McDermott), 139 B.R. 50 (Bankr. D.R.I. 1992); (ii) a copy of the Debtor's petition; (iii) a copy of the transcript of the Debtor's §341 meeting of creditors; (iv) the Loan Agreement; (v) the new Promissory Note; and (vi) a copy of the case captioned Greenberg v. Schools, 711 F.2d 152 (11th Cir. 1983). The

Plaintiff testified and argued at trial that the debt should be excepted from discharge pursuant to 11 U.S.C. §523(a)(2)(A) because the Debtor did not use the loan proceeds for the purpose of purchasing real property and, thus, such funds were obtained through fraud.

The Plaintiff's evidence fails to prove that the Debtor committed any fraud under §523(a)(2)(A) of the Bankruptcy Code. Section 523(a)(2)(A) provides that a chapter 7 discharge does not discharge an individual debtor from a debt to the extent such debt is obtained by "false pretenses, a false representation, or actual fraud, other than a statement respecting the debtor's or an insider's financial condition." 11 U.S.C. §523(a)(2)(A). The party objecting to the dischargeability of a debt carries the burden of proof, and the standard of proof is preponderance of the evidence. Grogan v. Garner, 498 U.S. 279, 291, 111 S.Ct. 654, 661, 112 L.Ed.2d 755 (1991). To establish fraud under §523(a)(2)(A), courts have generally required a plaintiff to establish the traditional elements of common law fraud. A plaintiff must prove the following elements: (i) the debtor made a false representation to deceive the creditor; (ii) the creditor relied on the misrepresentation; (iii) the reliance was justified; and (iv) the creditor sustained a loss as a result of the misrepresentation. SEC v. Bilzerian (In re Bilzerian), 153 F.3d 1278, 1281 (11th Cir. 1998).

The focus here is whether the Debtor committed actual fraud either when he incurred the initial loan from the Plaintiff or when he entered into the new loan agreement. The Plaintiff urges that the Debtor obtained the loan proceeds by actual fraud since the Debtor never intended to use and did not use the loan funds to purchase the probate estate property. However, the Plaintiff has provided no evidence whatsoever to show that the Debtor made such promise as to how the funds would be used with the intent to deceive the Plaintiff. Furthermore, the Plaintiff has provided no evidence that the Debtor entered into the loan agreements with fraudulent intent.

4

Because the Plaintiff has failed to prove the elements of §523(a)(2)(A) the debt cannot be excepted from discharge and judgment shall be entered in favor of the Debtor.

A separate order will be entered.

Dated this 4th day of August, 2005.

ARTHUR B. BRISKMAN
United States Bankruptcy Court